ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

NO. 3:17-CR-17

ANGELA DANELLE BURKHAM (9)

## PLEA AGREEMENT

Angela Danielle Burkham, the defendant, William R. Biggs , the defendant's
attorney, and the United States of America (the government), agree as follows:

1.    Rights of the Defendant:  Burkham understands that she has the following
rights:

        a.      to plead not guilty;

        b.      to have a trial by jury;

        c.      to have her guilt proven beyond a reasonable doubt;

        d.      to confront and cross-examine witnesses and to call witnesses in her
defense; and

        e.      against compelled self-incrimination.

2.    Waiver of Rights and Plea of Guilty:  Burkham waives these rights and
pleads guilty to the offense alleged in Count 12 of the Superseding Indictment charging
a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that is Possession of a Controlled
Substance (methamphetamine, a Schedule II controlled substance) with Intent to
Distribute that Controlled Substance.  Burkham understands the nature and elements of

**Plea Agreement - Page 1**

the crime to which she is pleading guilty, and agrees that the factual resume she has

signed is true and will be submitted as evidence.

      3.     Sentence:  The maximum penalties the Court can impose for Count 12 of

the Superseding Indictment include:

        a.     imprisonment for a period of not more than twenty years;

        b.     a fine not to exceed $1,000,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

        c.     a term of supervised release of not less than three years, which is mandatory under the law and will follow any term of imprisonment. If Burkham violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

        d.     a mandatory special assessment of $100;

        e.     restitution to victims or to the community, which Burkham agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

        f.     costs of incarceration and supervision.

      4.     Court's Sentencing Discretion and Role of the Guidelines:  Burkham

understands that the sentence in this case will be imposed by the Court after consideration

of the United States Sentencing Guidelines.  The guidelines are not binding on the Court,

but are advisory only. Burkham has reviewed the guidelines with her attorney, but

understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case.  Burkham understands that she will not be allowed to

withdraw her plea if the applicable advisory guideline range is higher than expected, or if

the Court departs from the applicable advisory guideline range.  Burkham will not be

allowed to withdraw her plea if her sentence is higher than expected.  Burkham fully

understands that the actual sentence imposed (so long as it is within the statutory

maximum) is solely left to the discretion of the Court.

5.    Mandatory special assessment:  Burkham agrees to pay to the U.S. District

Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this

case.

6.    Defendant's Agreement:  Burkham shall give complete and truthful

information and/or testimony concerning her participation in the offense of conviction.

Upon demand, Burkham shall submit a personal financial statement under oath and

submit to interviews by the Government and the U.S. Probation Office regarding her

capacity to satisfy any fines or restitution.  Burkham expressly authorizes the United

States Attorney's Office to immediately obtain a credit report on her in order to evaluate

her ability to satisfy any financial obligation imposed by the Court.  Burkham fully

understands that any financial obligation imposed by the court, including a restitution

order and/or the implementation of a fine, is due and payable immediately.  In the event

the Court imposes a schedule for payment of restitution, Burkham agrees that such a

schedule represents a minimum payment obligation and does not preclude the U.S.

Attorney's Office from pursuing any other means by which to satisfy Burkham's full and

immediately enforceable financial obligation.  Burkham understands that she has a

continuing obligation to pay in full as soon as possible any financial obligation imposed

by the court.

7.    Forfeiture:  Burkham agrees not to contest, challenge, or appeal in any way

the administrative or judicial (civil or criminal) forfeiture to the United States of any

property noted as subject to forfeiture in the Superseding Indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Burkham consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. Burkham agrees to provide truthful information and evidence necessary for the government to forfeit such property. Burkham agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8.    Government's Agreement: The Government will not bring any additional charges against Burkham based upon the conduct underlying and related to Burkham's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Superseding Indictment. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Burkham or any property.

9.    Violation of Agreement: Burkham understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government

will be free from any obligations of the agreement and free to prosecute Burkham and others for all offenses of which it has knowledge. In such event, Burkham waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Burkham also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

10.   Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.   Waiver of Right to Appeal or Otherwise Challenge Sentence: Burkham waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. she further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Burkham reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.   Representation of Counsel: Burkham has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Burkham has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this

agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Burkham has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.   <u>Entirety of Agreement</u>:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 8th day of ___M•y___, 2017.


JOHN R. PARKER
UNITED STATES ATTORNEY


_____
RICK CALVERT
Deputy Criminal Chief

_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone:  (214) 659-8680
Facsimile:  (214) 659-8812
Email: philip.meitl@usdoj.gov


_____
ANGELA DANIELLE BURKHAM
Defendant

_____
WILLIAM R. BIGGS
Attorney for Defendant

## **CERTIFICATE**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____          _____
ANGELA DANIELLE BURKHAM                    Date
Defendant


I am the Defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____
WILLIAM R. BIGGS                            Date
Attorney for Defendant

**Plea Agreement - Page 7**